**J. Leonard SPODEK, National Postal Management, Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Appellee.**

No. 02–1294.

United States Court of Appeals, Federal Circuit.

March 6, 2003.

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

This case arises under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 ("CDA"). J. Leonard Spodek and National Postal Management, Inc. (collectively, "Spodek") appeal the decision of the United States Postal Service Board of Contract Appeals ("Board") that sustained a contracting officer's final decision assessing Spodek with the cost of repairing and replacing the roof at the Eau Claire Station Post Office in Columbia, South Carolina. *Spodek, Nationwide Postal Mgmt.,* PSBCA No. 4506, 02–1 B.C.A. (CCH) ¶ 31,733, at 156,767, 2001 WL 1647269 (Dec. 26, 2001) (*"Spodek"*). We *affirm.*

## DISCUSSION

### I.

Spodek and the Postal Service are parties to a lease agreement, pursuant to which the Postal Service leases from Spodek the building that houses the Eau Claire Station Post Office. Paragraph 7 of the lease states that Spodek agrees to maintain the building in good repair and tenantable condition. In September 1994, the roof of the Post Office began to leak. The Postal Service notified Spodek that the roof was leaking and requested that he make the necessary repairs. When Spodek neglected to make the repairs, the Postal Service had the leaks repaired by a third party contractor in 1995 and paid the contractor $6517.95 for the work. The roof began to leak again in 1998. Between 1998 and 1999, the Postal Service repeatedly notified Spodek of the leaking roof and requested that he have the roof repaired or replaced. When Spodek failed to do either, the Postal Service had the roof replaced by a third party contractor and paid the contractor $54,969.27 for the replacement.

Subsequently, in a final decision dated September 10, 1999, the contracting officer informed Spodek that it was in debt to the Postal Service in the amount of $62,987.23. This sum was comprised of $6,517.96 spent by the Postal Service in 1995 to repair the roof, $54,969.27 spent by the Postal Service in 1999 to replace the roof, and $1,500 in administrative costs. Spodek timely appealed the final decision of the contracting officer to the Board.

The Board sustained the contracting officer's assessment against Spodek for the 1995 roof repair and for the 1999 roof replacement, but it held that the Postal Service could not recover the administrative costs it incurred. *Spodek* at 156,771. In so doing, the Board rejected Spodek's challenge to the assessment on the ground that the notice required by paragraph 10(d)(1) of the lease was not given before the repair or replacement work. Paragraph 10(d)(1) provides that the Postal Service must give notice, by registered or certified mail, to the mortgagee or assignee of moneys due under the lease "whose names and addresses are furnished to the Government by Lessor" before incurring a

cost for which it could obtain reimbursement under the lease. The Board determined that there was no evidence that Spodek had ever furnished the Postal Service with the names and addresses of any mortgagees or assignees of moneys due under the lease. The Board also determined that even if Spodek had shown the existence of a mortgagee or assignee, it would not change the Board's decision because Spodek had not demonstrated any prejudice or harm as a result of the failure to provide notice under paragraph 10(d)(1). *Id.* at 156,769–70. The Board found that the Postal Service had notified Spodek of the leaks and requested him to make repairs in 1995 and 1999. *Id.* at 156,770.

In addition, the Board found that the 1995 repair and the 1999 replacement both were required because of leaks, that Spodek had not undertaken the work, as required by the lease, and that the amounts paid for the work by the Postal Service were reasonable. *Id.* at 156,770–71. Accordingly, the Board sustained the contracting officer's decision with respect to the 1995 repair and the 1999 replacement. Spodek now appeals to us.

## II.

We review the Board's decision under the standard set forth in the CDA. Under that standard:

> [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such

decision is not supported by substantial evidence.

41 U.S.C. § 609(b).

On appeal, Spodek makes essentially two arguments.[1] First, he contends that he was not provided with proper notice of the 1995 repair work or the 1999 replacement work. Second, he argues that the Postal Service failed to establish that replacement of the roof was necessary. In advancing this second argument, Spodek points to the fact that, before the Board, no witness testified as to having seen the roof leak or as to having observed damage from the leakage.

We do not think that either contention has merit. First, it is undisputed that, pursuant to paragraph 7 of the lease, Spodek is required to "maintain the demised premises, including the building ... in good repair and tenantable condition, except in case of damage arising from the act or the negligence of the Government's agents or employees." At the same, it has not been alleged that the repair/replacement work that was done was necessitated by damage caused by the actions or negligence of Postal Service employees. Second, substantial evidence supports the Board's finding that, prior to the 1995 work and the 1999 work, Spodek received notice that the roof was leaking and needed repair. This evidence is in the form of written communications between Spodek and the Postal Service. Substantial evidence also supports the Board's finding that, in 1999, replacement of the roof was necessary. This evidence was in the form of the testimony of the government's roofing expert, as well as documentary material. Spodek is correct that, to the extent it is based on documents, the Board's decision is supported by hearsay. That does

---

1. We note that in his briefs, Spodek cites to non-precedential opinions of this court to support his arguments. Spodek is reminded that citation to non-precedential orders or opinions is improper. *See* Fed. Cir. R. 47.6.

not constitute grounds for reversal, however. *See Doe v. United States,* 132 F.3d 1430, 1434 (Fed.Cir.1997) (recognizing the rule that hearsay evidence can be the "substantial evidence" required to support an administrative decision); *Sanders v. United States Postal Serv.,* 801 F.2d 1328, 1331 (Fed.Cir.1986) (stating that "hearsay evidence may be substantial evidence in an administrative proceeding if there are circumstances which give it credibility and probative value to a reasonable mind") (citing *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Spodek has not given us any reason to reject the Board's reliance on documentary evidence.

For the foregoing reasons, the decision of the Board is affirmed.[2]

---

2. We have considered Spodek's other arguments and have concluded that they are without merit.